**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


DONALD J. BARRETT                                          Plaintiff

v.                          4:04CV01212 SWW/HDY

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,                                   Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection.  An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### DISPOSITION

Plaintiff, Donald J. Barrett, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the

record as a whole and free of legal error. <u>Long v. Chater</u>, 108 F.3d 185, 187 (8th Cir. 1997); <u>see</u> <u>also</u>, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Reynolds v. Chater</u>, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. <u>Sultan v. Barnhart</u>, 368 F.3d 857, 863 (8th Cir. 2004); <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged limitations in his ability to work caused by his lower back, legs, left hand, heart disease, blood pressure and problems with people. (Tr. 84) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only

issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through April 27, 2004, the date of his decision.  (Tr. 22-23)  On August 13, 2004, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 51 years old at the time of the hearing.  (Tr. 255)  He completed the eighth grade in school[2]. (Tr. 90)  He has past relevant work as a painter.  (Tr. 14, 93-94)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. § 404.1520(b) (2003).  If the claimant is, benefits are denied, regardless of medical

---

[1]The Hon. Jimmy D. Puett.

[2]He testified that he made it to the eighth or ninth grade, but could not remember which.  (Tr. 255)

condition, age, education or work experience.   Id.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment.   Id., § 404.1520(c). If not, benefits are denied.   Id.

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling.   Id., § 404.1520(d).  If so, and the duration requirement is met, benefits are awarded.   Id.

If claimant does not meet or equal a Listing, then a residual functional capacity assessment is made based on all the relevant medical and other evidence.   Id., § 404.1520(e).   This residual functional capacity assessment is utilized at Steps 4 and 5.   Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work. Id., § 404.1520(f).  If so, benefits are denied.   Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.   Id., § 404.1520(g).   If so, benefits are denied; if not, benefits are awarded.   Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 22)  He found that Plaintiff had a "severe" impairment, but that he did not have an

impairment that met or equaled a Listing. Id. He judged that Plaintiff's allegations regarding his limitations were not totally credible. Id.

The ALJ determined that Plaintiff retained the residual functional capacity for less than a full range of light work. Id. He found that Plaintiff was unable to perform any of his past relevant work. Id. The ALJ correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work. (Tr. 21)

Based on the testimony of a vocational expert witness in response to a series of hypothetical questions, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, fast food worker or hand packer. Id.  Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 22)

Plaintiff contends that the ALJ used the wrong legal standard at Step 2 of the sequential evaluation process. (Br. 15-18) He points out, correctly, that the ALJ did not clearly delineate which of his impairments he found to be "severe." To the extent that Plaintiff is arguing that it is preferable to clearly indicate what impairments or combination thereof are "severe," Plaintiff's point is well taken. However, under the circumstances of this case, the ALJ's failure to do so is not reversible error. The ALJ found that Plaintiff had a "severe" impairment and moved on in the sequential evaluation

process.  Assuming, for the sake of argument, that the ALJ committed error, the error is harmless.  Plaintiff's argument that the ALJ's "failure to use the proper legal standard may, and in all probability did, color all the conclusions he reached" is simply too speculative.  The ALJ cited to the correct regulations relating to severity in his opinion.  (Tr. 15)  Plaintiff's first point is not well taken.

Next, Plaintiff contends that he had a "severe" pulmonary problem that should have resulted in limitations to his residual functional capacity and should have been mentioned in the ALJ's hypothetical question to the vocational expert.  It is significant that Plaintiff did not allege a pulmonary impairment in his application for disability benefits, see Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993), did not offer it at the hearing as a basis for disability, Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993); see Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (claimant did not allege disability due to mental impairment and presented only minimal evidence of anxiety) and had never sought or been referred for treatment of any pulmonary problem.  See Smith v. Shalala, 987 F.2d at 1375, citing Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989) and Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987).

On several occasions, he denied shortness of breath.  (Tr. 166, 216, 218)  No physician has ever recommended that he stop smoking.  See Kisling v. Chater, 105 F.3d 1255, 1277 (8th Cir. 1997).  There is no indication that any pulmonary limitation limits Plaintiff to an extent greater than that inherent in light work.   The ALJ

specifically limited Plaintiff to less than medium work and restricted him to less than vigorous activity. (Tr. 20) The ALJ adequately accounted for any pulmonary limitation. Plaintiff's argument seeks to place the burden of proof on the Commissioner. It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity. Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). He did not meet that burden.

Next, Plaintiff contends that the ALJ erred in his evaluation of his mental impairment. Again, it is significant that Plaintiff did not allege a disabling mental impairment in his application for disability benefits, see Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993), did not offer it at the hearing as a basis for disability, Brockman v. Sullivan, 987 F.2d 1344, 1348 (8th Cir. 1993); see Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir. 1989) (claimant did not allege disability due to mental impairment and presented only minimal evidence of anxiety) and had never sought or been referred for mental health treatment. See Smith v. Shalala, 987 F.2d at 1375, citing Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989) and Benskin v. Bowen, 830 F.2d 878, 884 (8th Cir. 1987).

Plaintiff's encounters with mental health personnel appear to be linked primarily to his quest to obtain benefits, rather than to obtain medical treatment; given his alleged mental problems, failure

7

to seek medical treatment may be inconsistent with a finding of disability.  Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995).

Twelve days after the administrative hearing, Plaintiff received an Adult Initial Screening and Assessment at Counseling Associates, Inc.  (Tr. 229-34)  The ALJ noted that assessment and the fact that it showed Plaintiff with some symptoms of anxiety and depression. (Tr. 16)

Plaintiff devoted over a page of his brief to faulting the ALJ for not mentioning a psychiatric evaluation done by Richard H. Sundermann, Jr., M.D.  (Br. 21-22)  The evaluation is dated March 11, 2004.  (Tr. 249-51)  The ALJ's decision is dated April 27, 2004. (Tr. 23)  However, Dr. Sundermann's evaluation was not submitted to the ALJ, but to the Appeals Council.  (Tr. 7)  Obviously, the ALJ cannot be faulted for not mentioning an evaluation that was never submitted to him.  It also appears that Plaintiff did not follow up with Dr. Sundermann.  (Tr. 248)  The ALJ's residual functional capacity and his hypothetical to the vocational expert adequately incorporated mental limitations which were supported by the record before him.

Plaintiff also takes issue with the fact that the ALJ did not indicate whether he specifically considered whether plaintiff met Listings 12.04, 12.06, 1208. [3]  (Br. 21, 24)  That argument lacks

---

[3]Disability Determination Services physicians found that Plaintiff did not meet those Listings.  (Tr. 147, 149, 151)  The ALJ is entitled to rely on the opinions of reviewing physicians when considering whether the claimant meets the requirements of a listed impairment.  Ostronski v. Chater, 94 F.3d 413, 417 (8th Cir. 1996).

merit.  <u>Grebenick v. Chater</u>, 121 F.3d 1193, 1198 (8th Cir. 1997).

Plaintiff also contends that the ALJ did not utilize the psychiatric review technique.[4] Plaintiff's point is simply incorrect. (Tr. 20)

Next, Plaintiff argues that the ALJ did not consider his impairments in combination.  (Br. 24-27) A fair reading of the ALJ's opinion reflects that he considered Plaintiff's impairments in combination.  (Tr. 15-16, 17, 19, 20) Furthermore, the ALJ discussed Plaintiff's limitations of function, which are a cumulation of his impairments, at some length.  (Tr. 17-18, 19, 20, 21)

Finally, Plaintiff argues that the ALJ's residual functional

---

[4]In addition to the five-step sequential evaluation process noted above, there is a sequential process for evaluation of mental impairments set out in 20 C.F.R. §§ 404.1520a, 416.920a (2003).  The first step is to record pertinent signs, symptoms, findings, functional limitations and effects of treatment contained in claimant's medical records.  20 C.F.R. § 404.1520a(b)(1).  The mental status examination and psychiatric history will ordinarily provide the needed information.  <u>Id.</u>

If a mental impairment is found, as it was in this case, then it is necessary to analyze whether certain medical findings, which have been found especially relevant to the ability to work, are present or absent.  20 C.F.R. § 404.1520a(b)(2).

It is then necessary to rate the degree of functional loss from the impairment(s) in the four areas of function essential to work: activities of daily living; social functioning; concentration, persistence or pace and deterioration or decompensation in work or work-like settings.  20 C.F.R. § 404.1520a(b)(3).

After rating the degree of functional loss on the appropriate scale, <u>see id.</u>, the severity of the impairment(s) is determined.  20 C.F.R. § 404.1520a(c).  If the impairment(s) is severe, it must be determined if it meets or exceeds a Listed mental disorder.  20 C.F.R. § 404.1520a(c)(2).  This is done by comparing the previously recorded medical findings and the resulting functional loss against the Paragraph A and Paragraph B criteria of the appropriate Listing. <u>Id.</u>

If the impairment(s) is severe, but does not meet or equal the appropriate Listing, then a residual functional capacity assessment is necessary.  20 C.F.R. § 404.1520a(c)(3).

capacity determination was error (Br. 27-30) and his utilization of the vocational expert was error (Br. 30-31).  To some extent, these arguments are a repeat of Plaintiff's arguments concerning his pulmonary function and mental impairment.  That discussion need not be repeated here.

The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations.  Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001).

Plaintiff suggests that the ALJ should have recontacted Plaintiff's treating sources.  (Br. 28)  The Eighth Circuit has provided guidance on this issue and clarified the ALJ's duty:

> This court has considered and rejected Howard's argument that additional medical evidence must be produced at step 5.  Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995).  In Anderson we noted that

> > [i]t was the ALJ's responsibility to determine Anderson's RFC based on all the relevant evidence, including medical records, observations of treating physicians and others, and Anderson's own description of her limitations. 20 C.F.R. §§ 404.1545-46, 416.945-46. We must determine whether the record presents medical evidence of Anderson's RFC at the time of the hearing. Frankl v. Shalala, 47 F.3d 935, 937-38 (8th Cir.1995). If there is no such evidence, the ALJ's decision "cannot be said to be supported by substantial evidence." Id.

> > The need for medical evidence, however, does not require the Secretary to produce additional evidence not already within the record. "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as

> other evidence in the record provides a
> sufficient basis for the ALJ's decision." <u>Naber
> v. Shalala</u>, 22 F.3d 186, 189 (8th Cir.1994).

> <u>Id.</u> Since there was already sufficient medical evidence in
> the record to support the ALJ's decision, the Commissioner
> was not required to produce additional medical evidence at
> step 5.

<u>Howard v. Massanari</u>, 255 F.3d 577, 581 (8th Cir. 2001).

A general physical examination was given to Plaintiff in October of 2002. (Tr. 121-28)  Plaintiff did not complain of shortness of breath. (Tr. 121)  He had a full range of motion in the spine and all extremities except his shoulders. (Tr. 124-25)  He was neurologically intact; there was no evidence of muscle weakness or atrophy. (Tr. 125)  He could stand and walk without assistive device, walk on heel-toes and squat and arise from a squatting position. (Tr. 126)  Circulation was normal. <u>Id.</u>  A physical examination in October of 2003 revealed a pleasant and healthy-looking gentleman in no acute distress. (Tr. 159)  He could toe-walk, heel-walk and deep knee bend without difficulty. <u>Id.</u>  Straight leg raising was negative bilaterally. <u>Id.</u>  Hips and knees had full motion without discomfort. <u>Id.</u>  No atrophy was noted. <u>Id.</u>  In August of 1999, Plaintiff underwent a cardiac stress test. (Tr. 160)  It was interpreted as a negative, near maximum exercise test. <u>Id.</u>  Exercise tolerance was good. <u>Id.</u>  In April of 2000, he was seen at the emergency room complaining of low back pain; he had been loading buckets of sand onto a truck the day before. (Tr. 163)

An ALJ bears the primary responsibility for assessing a claimant's residual functional capacity based on all the evidence. <u>See</u> <u>Anderson v. Shalala</u>, 51 F.3d 777, 779 (8th Cir. 1995).  The ALJ

properly examined the evidence in the record and his conclusion is supported by substantial evidence.  Plaintiff's argument seeks to place the burden of proof on the Commissioner.  It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity.  Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003);  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

Finally, Plaintiff contends that the ALJ determined that he was a younger individual, but asked the vocational expert about a hypothetical individual who was 51.[5]  (Br. 30)  Actually, in his opinion, the ALJ correctly noted, "Born on October 11, 1952, the claimant is currently 51 years old, but was a younger individual as of the alleged onset date."  (Tr. 21)  The vocational expert's response to a hypothetical individual aged 51 would properly address the individual in a manner of most benefit to the individual.  If all other variables are the same, a younger individual can do more than one approaching advanced age.  Plaintiff's point is not well taken.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   E.g.,

---

[5]Individuals aged 50-54 fall into the category of "approaching advanced age." 20 C.F.R. Pt. 404, Subpart P, App. 2 § 201(g) (2003).

<u>Mapes v. Chater</u>, 82 F.3d 259, 262 (8th Cir. 1996); <u>Pratt v. Sullivan</u>, 956 F.2d 830, 833 (8th Cir. 1992).

There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  <u>Richardson v. Perales</u>, 402 U.S. at 401; <u>see also</u> <u>Reutter v. Barnhart</u>, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this   3   day of January, 2006.


_____
UNITED STATES MAGISTRATE JUDGE